UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAMID HUSSAIN SHEIKH SR.,

          Plaintiff,                             No. 11-CV-13750

vs.                                        Hon. Gerald E. Rosen

LAWRENCE S. YORK,
FRANKIE YORK, and PROACTIVE
ADVISORS, L.L.C.,

          Defendants.
_____/

MEMORANDUM OPINION AND ORDER DISMISSING
CASE FOR LACK OF SUBJECT MATTER JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____October 31, 2011_____

PRESENT:   Honorable Gerald E. Rosen
                    United States District Chief Judge

Plaintiff Hamid Hussain Sheikh, Sr., through counsel, filed this breach of

contract/fraudulent misrepresentation action in this Court alleging diversity of citizenship

as the basis of federal subject matter jurisdiction.  In his Complaint, Plaintiff named three

defendants -- individuals Lawrence S. York ("York") and his wife, Frankie York; and

Proactive Advisors, L.L.C., a Kentucky Limited Liability Company allegedly established

by Defendant York [*See* Complaint ¶ 18].  After reviewing Plaintiff's Complaint and Jury

Demand, however, the Court found that it was unable to confirm that complete diversity

1

citizenship exists among the parties.  Therefore, on September 6, 2011, the Court issued

an Order to Show Cause, directing Plaintiff to show cause in writing why the case should

not be dismissed due to lack of subject matter jurisdiction.  Plaintiff timely responded to

the Order on September 19, 2011.

Having had the opportunity to review and consider Plaintiff's Response to the

Order to Show Cause, the exhibits attached thereto, and the Court's entire record of this

case, the Court finds that Plaintiff has failed to meet his burden of proving that subject

matter jurisdiction exists in this case.

The Show Cause Order was issued because Plaintiff's jurisdictional allegations

with respect to Defendant Proactive Advisors, L.L.C. ("Proactive") were deficient.

Proactive is a limited liability company.  [*See* Complaint ¶ 4].  Whereas the citizenship of

a corporation is determined pursuant to 28 U.S.C. §1332(c)(1), Proactive's citizenship as

limited liability company is ***not*** determined by reference to the familiar standards for

corporations— *i.e.*, state of incorporation and principal place of business.  Instead, the

citizenship of a limited liability company – like other unincorporated associations such as

general and limited partnerships – is determined by reference to the citizenship of ***each***

***constituent member*** of the LLC.  *See Delay v. Rosenthal Collins Group* LLC, 585 F.3d

1003 (6th Cir. 2009); *Trident-Allied Associates, LLC v. Cypress Creek Associates, LLC*,

317 F.Supp.2d 752 (E.D. Mich. 2004); *International Flavors & Textures, LLC v.

Gardner*, 966 F. Supp. 552 (W.D. Mich 1997).  Indeed, every circuit to consider this issue

has held that the citizenship of a limited liability company is determined by the

2

citizenship of all its members.  *See e.g., Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006); *Handelsman v. Bedford Vill. Assocs. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiff's Complaint in this case did not even identify the constituent members of the Defendant LLC, much less divulge their citizenship.

In his Response to the Order to Show Cause, Plaintiff presents evidence which shows that Defendant Proactive is "managed and operated by Defendant York," who is a resident of the State of Kentucky.  [Response to Order to Show Cause, p. 2].  Plaintiff has supplied the Court with the Kentucky Secretary of State General Information designation which lists York as being the "Registered Agent" and the "Manager" of Proactive with York's Kentucky address being both the company's registered address as well as its "Principal Office". [Response Exhibit 1].  York is also listed as "Manager" of Proactive on the company's Articles of Organization, filed May 6, 2008, as well as the company's "Managing Director" on the 2009, 2010 and 2011 annual reports. [ *Id.*, Exhibits 2, 3, 4 and 5]. All of the annual reports also designate the registered office of the company as being in Kentucky.

3

While all of this evidence may support Plaintiff's averment that Proactive is "managed and operated by Defendant York," it does not establish that Defendant York is the *sole member* of the LLC.  Plaintiff offers no proof to support this assertion.  Rather, all that Plaintiff states is that "*upon information and belief*, there are no other constituent members of Proactive."  [Response to Order to Show Cause, p. 2.]

It is well-settled that the burden is on the party invoking federal subject matter jurisdiction -- here, the Plaintiff -- to plead *and prove* jurisdictional facts in diversity actions.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 186, 56 S.Ct. 780, 784 (1936); *Harvey Const. Co. v. Robertson-Ceco Corp.*, 10 F.3d 300, 303 (5th Cir. 1994).  The plaintiff always bears the burden of establishing that jurisdiction exists. *Serras v. First Tennessee Bank, N.A.*, 875 F.2d 1212, 1214 (6th Cir. 1989).  "It is not sufficient that federal jurisdiction may potentially exist; the party invoking federal jurisdiction must affirmatively establish it."  *Keller v. Honeywell Protective Services,* 742 F. Supp. 435, 426 (N.D. Ohio 1990) (citing *McNutt, supra*); *see also Ramsey v. Mellon National Bank*, 350 F.2d 874 (3d Cir.1965) ("Jurisdictional statutes are to be strictly construed and the burden of proof is upon the plaintiff to affirmatively establish diversity of citizenship.")

"When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."  *Delay v. Rosenthal Collins Group, L.L.C.*, 585 F.3d 1003, 1005 (6th Cir. 2009). However, a mere conclusory statement "on information and belief" is not

sufficient to establish the court's jurisdiction. *Leys v. Lowes Home Centers, Inc.*, 601 F. Supp. 2d 908, 917 (W.D. Mich. 2009). *See also Yount v. Shashek*, 472 F.Supp.2d 1055, 1057 n. 1 (S.D.Ill.2006) ("Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief. . . .");*Virtual Worlds, LLC v. Seaboard Int'l Energy Corp.*, 2010 WL 2553468 at *2 (C.D.Cal. 2010) (removing defendant's allegations of the plaintiff LLC's citizenship on "information and belief" held insufficient to establish the plaintiff's citizenship); *iGPS Co., LLC v. National Wooden Pallet & Container Ass'n*, 2011 WL 4526087 (N.D.Tex. 2011) (allegations regarding LLC's citizenship in terms of "information and belief" do not identify the bases for diversity "affirmatively and distinctly"). Simply stated, "information and belief" averments do not constitute competent proof supporting jurisdictional allegations. *See* 15 James Wm. Moore, Moore's Fed. Prac. § 102.14 (3d ed. 1997).

Based upon the foregoing discussion, the Court concludes that Plaintiff here has not met his burden of establishing that complete diversity of citizenship exists among the parties. Diversity of citizenship being the only basis alleged for federal court jurisdiction,

IT IS HEREBY ORDERED that this case be DISMISSED for lack of federal subject matter jurisdiction.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  October 31, 2011

5

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager